THE STATE, LEWIS BACON ET AL., PROSECUTORS, v. THE CITY OF ELIZABETH.

1. Section 93 of the charter of the city of Elizabeth (*Pamph. L.* 1863, *p.* 109) does not require the council to give a preliminary notice of intention to repave a street at public expense.
2. Under the act concerning unexpended balances of taxes collected in cities, approved March 25th, 1885, it is not necessary that the transfer of such balances should be made in the annual tax ordinance.
3. Under said act the ordinance to transfer such balances should show the precise amount to be transferred from each year's balance, and the sum appropriated to each specific object or fund.
4. *Quære.* Whether, under said act, an ordinance can legally be passed to transfer an *uncollected* balance.

---

On *certiorari* to remove an ordinance of the common council of the city of Elizabeth.

Argued at November Term, 1888, before Justices DEPUE, MAGIE and DIXON.

For the prosecutors, *P. H. Gilhooly.*

For the city, *Frank Bergen.*

The opinion of the court was delivered by

DIXON, J. This *certiorari* brings up an ordinance of the city council of Elizabeth, passed on November 12th, 1888, providing for the repaving of several streets, the purchase of a new fire engine and the repair of the fire alarm system, and appropriating to those objects portions of the unexpended balances of the tax levies of the years 1883, 1886 and 1887.

One reason assigned for the invalidity of the ordinance is, that no notice of the intention to repave these streets was given, in accordance with the provisions of section 93 of the city charter. *Pamph. L.* 1863, *p.* 109.

On reading section 93 it will be perceived that such notice is required only when some improvement is to be made under section 92 ; and it is also plain that section 92 embraced only those improvements of the road bed of streets which the legislature intended to be made at the expense of the owners of land on the line of the streets. Although we have heretofore decided that the legislature failed to make in the charter constitutional provision for carrying out this intention, and that, nevertheless, the power to improve the streets was effectually conferred ( *Watrous* v. *Elizabeth,* 11 *Vroom* 278), still this purpose to charge the expense of certain street improvements upon the land owners may be considered in determining what improvements were included in section 92. One of the improvements expressly mentioned is paving, and that term, no doubt, might be used to cover repaving ; but if elsewhere in the charter it appears that the legislature did not mean that repaving should be done at the expense of property owners along the line, then it becomes clear that repaving was not included in the term "paving" in this instance. This, I think, does appear by the second proviso of section 105, which declares, that "after any street or section of a street shall be once entirely paved or macadamized at the expense of the

owners of property as aforesaid, the city shall take charge of and keep the same in repair without further direct assessment on the property on such street or section of a street." Hence I conclude that repaving at public expense was not intended to be covered by section 92, and, consequently, not by section 93. If the power to repave be not implied in the provisions of the charter outside of section 92, it was expressly granted by the general law of May 13th, 1884 (*Pamph. L., p.* 341), by which no preliminary notice of intention to repave is made necessary. This reason is therefore insufficient.

Another reason was based upon what counsel for the prosecutors deems a non-compliance with the general law of March 27th, 1882 (*Pamph. L., p.* 190), but as the city does not attempt to support the ordinance by that law, the reason need not be considered.

The remaining reasons assigned, so far as they have any substance, relate to that part of the ordinance by which unexpended balances of previous tax levies are appropriated, and grow out of the provisions of "An act concerning unexpended balances of taxes collected in cities," approved March 25th, 1885. *Pamph. L., p.* 170.

By this act the legislative body of any city is authorized to carry forward by ordinance any unexpended balance or balances of taxes levied for any purpose, and appropriate the same to the payment in subsequent years of expenses for objects similar to those for which such taxes were levied, or to the payment of any expense or existing indebtedness for which the city is authorized to levy taxes; provided, the ordinance state the amount so carried forward and the specific object or objects or fund to which the same is to be appropriated, and such balances so transferred and carried forward shall be used and applied exclusively for the purposes mentioned and prescribed in the said ordinance. The act also provides that it shall not be construed to increase the limit of taxation in any city, but the amount so carried forward shall be taken and considered as part of the amount of the tax levy authorized to be made in the year to which the same is applied.

The ordinance before us directs the repaving of nine streets, the purchase of a fire engine at a cost not exceeding $4,000, and the repair of the fire alarm system at a cost not in excess of $2,000, and then ordains that $14,000 of the unexpended balance fund of the year 1883, and $21,000 of the unexpended balance funds of the years 1886 and 1887, or so much thereof as shall be necessary for the purpose, be carried forward and appropriated to the payment of the cost of said repavements and for repairing the fire alarm system and purchasing the fire engine.

Upon the foregoing statute counsel for the prosecutors contends that, since the amount brought forward to be expended in any year must not, when added to the amount of taxes levied in that year, exceed the limit of taxation prescribed by law, therefore the transfer must be made in the ordinance providing for the tax levy. But this seems a *non sequitur*. It is easily practicable to confine the appropriation of unexpended balances plus the annual tax levy, within the legal limit of taxation, although such appropriation and levy appear in different ordinances. It is not shown nor claimed that in the year 1888 this limit was exceeded.

Another objection interposed is, that the unexpended balance funds of 1886 and 1887 are commingled, leaving it uncertain how much of the fund of each year is appropriated.

This objection seems to be valid. It points to a discrepancy between the statute and the ordinance. As we read the statute, it requires the city council to determine and state in the ordinance the amount which shall be carried forward from each unexpended balance. The council has failed to comply with this requirement in two particulars: it has not defined the appropriation made from the balance of each year; nor has it fixed even the aggregate amount to be brought forward, for it has ordered the transfer of only *so much* of the sums named *as shall be necessary for the purposes designated.* How much is necessary the council has not decided. In our judgment the spirit and letter of the proviso of this statute can be complied with only by an ordinance which states the amount brought

forward from each year's balance, so that the condition of the tax account of each year can be ascertained, and which also shows the sum appropriated to each specific object or fund, so that it may be known whether the sum is used and applied exclusively for the purpose mentioned in the ordinance, as the statute prescribes.

For this reason the ordinance should be set aside.

The case shows that of the taxes levied in 1883, there has been *collected* only an unexpended balance of $5,902.86, while the ordinance purports to bring forward $14,000 of that levy. The title of the above mentioned act of March 25th, 1885, seems to confine its operation to such balances of taxes as have been *collected*, and therefore the validity of this attempt to transfer an uncollected balance may be questioned. As, however, no such question is raised in the reasons filed, the point is left undecided.